Delfina Rivera, Plaintiff and Appellant, v. Francisco García Manzanares et al., Defendants and Appellees.

No. 5415.   Argued April 24, 1931.—Decided May 18, 1931.

González Facundo & González Jr. for appellant.  A. Aponte and P. Pérez Pimentel for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Delfina Rivera, in her capacity as testamentary heir of her husband, Juan Méndez, filed suit against Francisco García Manzanares and Catalina Manzanares to recover four hundred dollars. She alleged that the debt originated in a promissory note which Méndez subscribed in favor of the Banco Territorial to accommodate the defendants and which he was compelled to pay because of the failure of the defendants to pay it at maturity. In their answer the defendants set up that they had paid to Méndez the obligation arising from the transaction referred to in the complaint.

The case went to trial. The plaintiff introduced the last will and testament of her husband, a certificate of his death, the promissory note bearing a notation to the effect that it had been paid by Méndez, and she testified personally that she had knowledge of the whole transaction and that a few days before his death Méndez had tried to collect from Manzanares without success; and that she knew that the debt was fully outstanding.

The evidence of the defendants consisted entirely of the testimony of witness. Defendant García Manzanares testified in part as follows:

"Explain to the Court what was the transaction concerning the promissory note.—That I procured a loan of a certain sum from the Banco Territorial y Agrícola and don Juan Méndez acted as my surety so that I could get the loan from the bank. As I always had had dealings with him and he had indorsed my notes for several years, because he used to help me in my business, when I realized that I could not pay the obligation to the bank I called on don Juan Méndez in his establishment and said to him: Don Juan, I can not take up that note because I have not the money, but I have goods and you can go to my drug store and take the equivalent amount in merchandise and in that way you will not be prejudiced. Don Juan then raised no objection and he told me that he agreed. I went to my drug store and a few days later he called me on the telephone and told me that in about two days he would come to select the drugs. When he came to the drug store, he saw the cash-register and said to me:

Would you have any objection to letting me have that cash-register in exchange for mine, and that I collect the balance in drugs? As my cash-register was worth more than his, I told him I had no objection and we closed the deal. As soon as that was finished I went to the Banco Territorial y Agrícola and explained to them what I had done, and that the bank should deal with don Juan Méndez, and they promised to talk to don Juan, who then agreed to take up the note."

He went on to explain the transaction in detail and, in answer to the question: "Why did you not ask for a surrender of the note when the deal was finished?" he said:

Because at that time the instrument had not been renewed; it remained in the bank, and long afterwards the bank sued out an attachment against don Juan Méndez Santiago to collect other sums which he owed them, and when this occurred and while the note was still in the bank, I called on him and he said to me: Don't worry, because I am going to sell a piece of property and will take up all those notes; and then I left in the belief that he would pay it, and indeed he sold the property and took up all the notes."

The statement of the defendant is fully corroborated by other witnesses, one of whom was a clerk in the employ of Méndez.

Another witness for the defendant was José Vercher, manager and cashier of the Banco Territorial in Caguas, who testified as follows:

"Do you know don Juan Méndez?—I knew him, of course.

"Can you tell the court whether don Juan Méndez made any statement to you in connection with this instrument?—Yes, Sir, I can state that don Juan Méndez on one occasion told me that he had had to accept from Mr. Manzanares a cash-register and some goods for the amount of this instrument."

Based on the above conflicting evidence, the district court gave judgment for the defendants, thus adjusting the conflict against the plaintiff, who appealed from the judgment. She assigns in her brief three errors. One error is that section 102 of the Law of Evidence was infringed; another is the infringement of section 1216 in connection with section 1247

of the Civil Code; and still another is the erroneous weighing of the evidence.

It is true that, under subdivisions 8 and 9 of section 102 of the Law of Evidence, the promissory note delivered to Méndez must be presumed to belong to him and to have been paid from the moment the bank delivered it to one of the debtors, Méndez. But we are dealing here with a rebuttable presumption that was in fact controverted by the pleadings and the evidence, to which the trial court gave credence in favor of the extinction of the obligation. Besides, no instrument was involved evidencing a direct obligation of payment and which must be surrendered upon discharge of the debt, as was the case when Méndez, who had subscribed the promissory note as solidary debtor, paid the obligation to the bank. Also, García Manzanares, whose testimony was believed by the court, explained satisfactorily what had occurred. Therefore, we are unable to conclude that the first of the errors assigned was committed.

Nor does the second error assigned exist. It is urged that, since section 1247 of the Civil Code prescribes that contracts in which the amount of the undertaking of one or of the two contracting parties exceeds $300 must be reduced to writing, even though it be in a private instrument, and in view of the caution contained in section 1216 of the same code, the court could not in the instant case consider as proven, by the simple testimony of witnesses, the payment by Manzanares to Méndez of the debt owed to the latter. The law is as cited, and it is true that a judge should be cautious in weighing the testimony of witnesses in similar cases; but this does not mean that the controverted fact can not be established solely by the testimony of witnesses where, as in the present case, the parties to the contract are the only ones concerned, especially where such testimony is introduced in evidence without objection. In *Santiago* v. *Cuevas Padilla*, 41 P.R.R. 115, this Court held: "Section 1247 of the Civil Code does not preclude the testimony of witnesses where, as

in the instant case, the parties to the contract are the only ones concerned.'' And again, on motion for rehearing: ''The previous interpretation of section 1247 of the Civil Code, in the sense that such section does not preclude the testimony of witnesses where the parties to a contract are the ones concerned, is reaffirmed. Such testimony, of course, must be clear and strong evidence and worthy of belief in order that it may be considered.''

As the third and last error assigned is predicated on the preceding ones, it must also fall with the latter.

The judgment appealed from must be affirmed.

Mr. Justice Wolf took no part in the decision of this case.